**Jeffrey Reed LYTLE, Plaintiff–Appellant,**

v.

**Jerry GEBHART, Defendant–Appellee.**

**No. 99–4061.**

United States Court of Appeals, Seventh Circuit.

Submitted July 23, 2001.*

Decided July 23, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argu-

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, WILLIAMS, Circuit Judges.

### ORDER

Indiana prisoner Jeffrey Lytle sued under 42 U.S.C. § 1983, alleging that a police officer violated his Eighth Amendment rights by failing to protect him from an attack by another prisoner. The district court entered summary judgment in favor of the defendant. Lytle appeals and we affirm.

In March 1998 Lytle was transferred from the Allen County Jail in Indiana to the Allen County Courthouse for a hearing. At the time, Lytle was in protective custody because members of an unspecified gang had threatened him. After Lytle's hearing, police officer Jerry Gebhart escorted him from the courthouse back to the lock-up. When an officer escorted prisoners to and from the courthouse, the practice was to handcuff the prisoners together. Gebhart handcuffed Lytle to two other prisoners, Christine Hubbard and Anthony Ladner. Lytle was positioned between Hubbard and Ladner with one arm cuffed to each. Lytle did not object to being cuffed to Ladner and Hubbard.

While Gebhart escorted the three prisoners back to lock-up, Ladner pulled on Lytle's arm telling him to speed up, and Lytle responded, "There's three of us, why don't you slow down?" Ladner replied, "Shut the fuck up honky, or I'll beat the shit out of you," and then told Gebhart, "I'll get another case when I fuck him up." Lytle then asked Gebhart to uncuff him from the other prisoners. Gebhart responded by telling the three prisoners to "get moving." According to Lytle, a few seconds after he asked to be uncuffed, Ladner struck him in the head but he, Lytle, could not defend himself because both of his hands were cuffed. Gebhart immediately called for assistance. A few seconds later, several officers arrived and helped Gebhart separate the prisoners. As a result of the fight, Lytle suffered cuts to his wrists and bruises on his head.

Before the fight, Gebhart knew that Lytle was in protective custody, but did not know Lytle or Ladner personally or whether either of them belonged to a gang. Gebhart testified by affidavit that he did not know or have reason to know that Lytle faced a risk of serious of harm from Ladner.

In August 1998 Lytle filed this lawsuit. Lytle alleged that Gebhart knew of and consciously disregarded the risk that Ladner would harm Lytle. He apparently claimed that Gebhart should have known Ladner would attack him because Ladner might have been a member of the gang that had threatened Lytle. Lytle further alleged that Gebhart ignored Ladner's verbal threats that he would harm Lytle and that Gebhart should have separated the prisoners immediately. The parties consented to proceed before a magistrate judge. Magistrate Judge Springmann granted summary judgment for Gebhart, concluding that Lytle failed to present any evidence that could satisfy either the objective or subjective elements of an Eighth Amendment violation. The court reasoned that Lytle's wrist and head abrasions were not objectively serious enough to constitute cruel and unusual punishment. The court next explained that Lytle failed to

present evidence that Gebhart consciously disregarded a risk of harm to Lytle because (1) Lytle presented no evidence that Gebhart was aware of any risk before handcuffing the prisoners together, and (2) Gebhart's decision not to uncuff them at Lytle's request was at most negligence and not deliberate indifference.

On appeal Lytle contends that he raised a question of fact as to whether Gebhart acted with deliberate indifference by presenting evidence that (1) Gebhart refused to help him when he asked to be uncuffed even though Ladner told Gebhart directly that he would harm Lytle, and (2) Gebhart disregarded an unspecified police procedure that required officers escorting prisoners who are in protective custody to escort them separately from other prisoners. In our de novo review we evaluate the record in the light most favorable to Lytle, drawing all reasonable inferences in his favor. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir.2000). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

 The Eighth Amendment[1] requires officials to protect prisoners from harm at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 843–44, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Mayoral*, 245 F.3d at 938. In order to prevail on a failure-to-protect claim, the prisoner must show that he was incarcerated under conditions presenting a substantial risk of serious harm, and that the

defendant acted with deliberate indifference toward that risk. *Farmer* 511 U.S. at 834; *Mayoral*, 245 F.3d at 938. A substantial risk of serious harm exists when the defendant's action or omission results in "the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted). An official acts with deliberate indifference when he knows of and disregards a substantial risk. *Id.* at 838; *Mayoral*, 245 F.3d at 938.

 The record contains no evidence suggesting that Gebhart's handcuffing Lytle to Ladner posed a substantial risk of serious harm. Lytle initially did not object to being handcuffed to Ladner, and does not claim that Ladner ever threatened him (or even knew him) before the day of their fight. The fight erupted because Lytle was not moving fast enough to suit Ladner and not because of either prisoner's gang affiliation or Lytle's protective custody status. An isolated and short-lived fist fight simply does constitute a denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted); *see also Jelinek v. Greer*, 90 F.3d 242, 245 (7th Cir.1996) (prisoner removed from protective custody and then attacked could not satisfy objective prong in the absence of evidence that the attack was foreseeable and not random); *Oetken v. Ault*, 137 F.3d 613, 614 (8th Cir.1998) (no substantial risk existed where cell mates who fought did not know each other before celled together and no other indication of excessive risk existed).

---

1. It is not clear from the record or the parties' briefs whether Lytle was a pretrial detainee whose claim arises under the Fourteenth Amendment or a prisoner whose claim arises under the Eighth Amendment. The question

is not material in this case, however, because the applicable legal standards are the same in either instance. *See Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir.2001).

Even if Lytle were exposed to a substantial risk of serious harm, he cannot establish that Gebhart acted with deliberate indifference. Officials who take reasonable steps to prevent a known harm to a prisoner cannot be held liable for subsequent injuries even if the harm is not averted. *See Farmer,* 511 U.S. at 844; *Doe v. Welborn,* 110 F.3d 520, 524 (7th Cir.1997). It is undisputed that Gebhart immediately acted to take control of the situation when the fight erupted by calling for help and, along with other officers, separating the prisoners within seconds. Even if Gebhart acted negligently when he told the prisoners to "get moving" instead of separating Lytle and Ladner upon Lytle's request, negligence falls short of deliberate indifference. *Mayoral,* 245 F.3d at 938. We reject Lytle's unsupported contention that Gebhart's alleged violation of "police procedure" in cuffing Lytle to Ladner demonstrates deliberate indifference, *see* Fed. R.App. P. 28(a)(9), (e); *United States v. Lanzotti,* 205 F.3d 951, 957 (7th Cir.), *cert. denied,* 530 U.S. 1277, 120 S.Ct. 2746, 147 L.Ed.2d 1009 (2000), and our review of the record reveals no evidence that Gebhart violated any procedures.

AFFIRMED.